NicholsoN, C. J.,
delivered the Opinion of the Court.
The question in this case is, whether the Circuit Judges have the right, under see. 4237 of the Code, to make a rule by which attorneys are required, on honor, to state whether a cause is litigated or not, when the same is called in pursuance of the order of the Court. In this case the counsel of defendant refused to answer, whereupon judgment was rendered *744 against defendant in pursuance of the rule. He appeals and insists that it was error to render the judgment.
This involves the legal authority of the Circuit Judge to make such a rule. By sec. 4237, Judges “ may make all such rules of practice as may be deemed expedient, consistent with law.” The following was the rule made by the Judge:
“ For satisfactory reasons appearing to the Court, it is ordered that a peremptory call of the trial docket be had, commencing January 24th at first cause, and continuing from day to day till the docket is called through, and attorneys will be required to state upon honor whether or not they have a defense to the action; and if not, judgment will be rendered against the defendant in every such case for the amount of the plaintiff’s claim.”
It is insisted that this order is in violation of sec. 2947, which provides: “Causes thus docketed should be tried and disposed of in their order, unless the parties consent to a different arrangement.”
There is nothing in this section which controls the Circuit Judge, in making rules of practice, as to the mode of calling the causes .on the trial docket, except that it is provided that they should be called in their order. The order made conforms to this direction. But the real objection seems to be, that the Judge ordered a peremptory call of the entire docket, for the purpose of disposing of causes in which there might be no litigation, and passing over those which should be found to be litigated, for disposal on second *745 call. It is to be observed, that the provision of sec. 2497 is not imperative, but directory in its terms. The causes should be tried and disposed of in their order on the docket. This is the general direction as to the mode of disposing of the business on the dockets; but when parties consent, this mode may be • departed from. Does it follow, that if parties do not consent, then- the discretion of the Judge is taken away? If such had been the intention of the Legislature, the language would have been, that causes shall be tried in the order in which they are docketed. The object was to prescribe a general rule for the* trial of causes - as the one which the Judges ought to follow in disposing of the docket; but that it was not intended to restrict them to that particular mode, is shown by the fact that by a subsequent section of the Code — to-wit, s. 4237 — the Judges were authorized to make such rules of practice as they might deem expedient, consistent with law. The two sections are to be construed together in ascertaining the intention of the Legislature. Thus construed, they mean that the causes are to be tried in the order in which they are docketed, but consistently with this general direction, the Judges may make such rules as they may deem expedient for disposing of the dockets. When parties consent, causes may be tried out of their order, without any rule having been made. But when a rule has been made it becomes the law of the Court, unless it contravenes some law passed by the Legislature. In the exercise of a legal discretion, the Judge may make a rule requiring all the causes to be called *746 in their order, for the purpose of disposing of causes to which there may be no defense. It is no legal objection to such rule, that its enforcement is not made to depend on the consent of the parties. There is no law which secures to parties the right to object to a trial upon such a call, unless there is real litigation, and to ascertain this fact the Judge has the authority to prescribe the mode, consistent with law. The attorneys, being officers of the Court, may legally be required to determine whether they have defenses to make or not, and it is a violation of no right of án attorney if he is required to determine the question on his honor. This is no more than the obligation which he assumes when he is enrolled as an attorney. If he refuses to comply with the rule, there is no error in enforcing the rule by rendering judgment.
Let the judgment be affirmed.